IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 20-00110 LEK-RT |
| Plaintiff, | ) ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION |
| vs. | ) ) | |
| DR. CAROLE M. MEE, M.D., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION**

Before the court is pro se Plaintiff Francis Grandinetti's recent pleading, in which he names Dr. Carole M. Mee, Medical Administrator for the Hawaii Department of Public Safety ("DPS"), fifteen other DPS health care "administrators" and medical staff, and countless other unnamed medical providers as Defendants. *See* Compl., ECF No. 1.[1] Grandinetti is a Hawaii prisoner who has been incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona, since approximately 2007. Grandinetti alleges no discernible claims against any named or unnamed Defendants, but simply submits approximately fifty pages of medical requests, letters, and other documents dating from mid-2016 to February 2020.

---

[1] For clarity, the court refers to the numbering and pagination assigned to filed documents by the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF").

For the following reasons, Grandinetti's Application to Proceed In Forma Pauperis as a Prisoner is DENIED and this action is DISMISSED without prejudice.

## I. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*"). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

## II. **DISCUSSION**

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g).[2] The court has repeatedly notified him of these strikes and informed him that he may not proceed in forma pauperis unless his pleadings show that he was in imminent danger of serious physical injury when he brought this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053, 1055 (9th Cir. 2007) ("*Andrews II*").

The Ninth Circuit recognizes that the imminent danger alleged must be sufficiently related to a claim within the complaint for the exception to apply. *See Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) ("*Williams I*") (finding plaintiff's allegations of ongoing threats to her safety by other inmates "clearly related to her initial complaint" regarding rumors started by defendants); *see also Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (holding "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)").

---

[2] *See, e.g., Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK-RLP (D. Haw. 2015); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG-LEK (D. Haw. 2005).

District courts in this circuit have therefore found that an inmate asserting the imminent danger exception must show a nexus between the imminent danger alleged and a claim in the complaint. *See Brown v. Newsom*, 2019 WL 4254670, at *3 (E.D. Cal. Sept. 9, 2019), *report and recommendation adopted*, 2020 WL 564708 (E.D. Cal. Feb. 5, 2020); *Johnson v. Sonoma Cty. Main Adult Det. Facility*, 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015). Thus, to qualify for the imminent danger exception, Grandinetti must show that: (1) the imminent danger of serious physical injury alleged is fairly traceable to unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that injury. *See id.*

Nothing in the Complaint or its exhibits indicates that Grandinetti is or was in imminent danger of serious physical injury when he filed this action, or that there is a continuing practice that injured him in the past that poses an "ongoing danger," or that there is any nexus between his non-existent allegations against Defendants. *Id.* at 1056.

Further, the Complaint contains no statement of facts or allegations of wrongdoing. It therefore completely fails to state any colorable claim for relief. And, to the extent that Grandinetti is challenging health care decisions made or treatment received at SCC, venue for such claims likely lies in the United States District Court for the District of Arizona,

4

where Grandinetti is incarcerated and where he was provided or denied such care. *See* 28 U.S.C. § 1391. Grandinetti fails to state any plausible claim for relief or show that he is entitled to proceed in this case without concurrent payment of the filing fee. Grandinetti's Application to Proceed In Forma Pauperis as a Prisoner is DENIED.

### III. CONCLUSION

(1) Because Grandinetti fails to show that he was in imminent danger of serious physical injury when he brought this action, his Application to Proceed In Forma Pauperis as a Prisoner [ECF No. 2] is DENIED.

(2) This action is DISMISSED without prejudice for Grandinetti's failure to concurrently pay the civil filing fee. This dismissal does not prevent Grandinetti from moving to reopen this action with concurrent payment of the filing fee, but he is notified that his Complaint fails to state a claim as written and that venue for these claims likely lies in the District of Arizona.

(3) The Clerk SHALL enter judgment and close this case. In light of Grandinetti's history of filing documents, motions, and requests in long-closed cases, the court will take no further action on any documents filed herein beyond processing a notice

of appeal, unless Grandinetti submits the civil filing fee.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, March 17, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grandinetti v. Mee, et al.*, 1:20-cv-00110 LEK-RT, 3 stks '20